■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD S. HARRIS, Appellant. [633 NYS2d 667] —Appeal from a judgment of the Supreme Court of Broome County (Monserrate, J.), rendered July 1, 1994, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 1990, defendant pleaded guilty to sexual abuse in the first degree and was originally sentenced to six months in jail and five years' probation. One of the conditions of defendant's probation was that he participate and remain in any psychological counseling program arranged by his probation officer. In April 1994, defendant left an inpatient alcohol counseling program he was ordered to attend as a prerequisite to sexual abuse counseling. Defendant admitted to violating the terms of his probation and Supreme Court resentenced him to a term of 2 to 6 years in prison.

Initially, we reject defendant's claim that the sentence imposed is illegal because it runs more than five years beyond the date of the underlying conviction in violation of Penal Law § 60.01. Supreme Court had authority pursuant to CPL 410.70 (5) to revoke defendant's probation and impose a sentence of imprisonment for the underlying crime. Inasmuch as the Penal Law does not restrict the length of the sentence in this case (Penal Law § 60.01 [3]), we find that the sentence imposed was within statutory parameters (see, Penal Law §§ 70.00, 70.02) and is not harsh and excessive under the circumstances presented. We have considered defendant's remaining arguments and find them to be without merit since Supreme Court acted within the parameters of the probationary sentencing structure authorized by Penal Law § 65.10 (see, People v Letterlough, 86 NY2d 259, 265-266).

Mercure, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.